JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| ANIKESI VENIALE, | Case No. CV 13-2464-DFM |
| Plaintiff, | |
| v. | MEMORANDUM OPINION AND ORDER |
| CAROLYN COLVIN, Acting Commissioner of Social Security, | |
| Defendant. | |

Plaintiff Anikesi Veniale ("Plaintiff") appeals from the denial of his application for Supplemental Security Income ("SSI") benefits. On appeal, the Court concludes that the Administrative Law Judge ("ALJ") did not err when he determined that Plaintiff's impairments did not meet a listing. For the reasons stated below, the Commissioner's decision is affirmed and the matter is dismissed with prejudice.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff filed his application for SSI benefits on June 10, 2010, alleging disability beginning January 1, 2007. Administrative Record ("AR") 13.  In an unfavorable opinion, the Administrative Law Judge ("ALJ") concluded, based

upon the testimony of a vocational expert ("VE"), that Plaintiff could perform jobs that exist in significant numbers in the regional and national economy. AR 23. Before reaching that conclusion, the ALJ rejected Plaintiff's argument that his impairments met or equaled the criteria of Listing 1.02A. AR 16-18.

## II.
## ISSUE PRESENTED

The parties dispute whether the ALJ properly determined that Plaintiff's impairments do not meet or equal Listing 1.02A. See Plaintiff's Memorandum in Support of Complaint ("Plaintiff's Memorandum") at 5-10; Defendant's Memorandum in Support of Answer ("Defendant's Memorandum") at 3-10.

## III.
## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The ALJ's findings and decision should be upheld if they are free from legal error and are supported by substantial evidence based on the record as a whole. 42 U.S.C. § 405(g); Richardson v. Perales, 402 U.S. 389, 401 (1971); Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). Substantial evidence means such relevant evidence as a reasonable person might accept as adequate to support a conclusion. Richardson, 402 U.S. at 401; Lingenfelter v. Astrue, 504 F.3d 1028, 1035 (9th Cir. 2007). It is more than a scintilla, but less than a preponderance. Lingenfelter, 504 F.3d at 1035 (citing Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006)). To determine whether substantial evidence supports a finding, the reviewing court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1996). "If the evidence can reasonably support either affirming or reversing," the reviewing court "may not substitute its judgment" for that of

the Commissioner. Id. at 720-21.

## IV.

**THE ALJ PROPERLY DETERMINED THAT PLAINTIFF'S IMPAIRMENTS DO NOT MEET OR EQUAL A LISTED IMPAIRMENT**

The ALJ determined that Plaintiff had the severe impairments of morbid obesity, gouty arthritis, asthma, bilateral knee osteoarthritis, and a history of atrial fibrillation. AR 16. The ALJ found that these impairments did not, singly or in combination, meet or medically equal the severity of a listed impairment. AR 17-18. The ALJ went on to conclude that Plaintiff was capable of performing sedentary work "that does not require walking on uneven ground and allows for the use of a hand-held assistive device for prolonged ambulation, i.e., for ten minutes or more." AR 18.

Plaintiff contends that the ALJ erred by concluding that Plaintiff's bilateral knee osteoarthritis, combined with his use of a wheelchair, did not meet or equal Listing 1.02A. Plaintiff's Memorandum at 5-8.[1] Alternatively, Plaintiff claims that his bilateral knee osteoarthritis meets or equals Listing

---

[1] Listing 1.02 provides as follows:

> Major dysfunction of a joint(s) (due to any cause): Characterized by gross anatomical deformity (e.g., subluxation, contracture, bony or fibrous ankylosis, instability) and chronic joint pain and stiffness with signs of limitation of motion or other abnormal motion of the affected joint(s), and findings on appropriate medically acceptable imaging of joint space narrowing, bony destruction, or ankylosis of the affected joint(s). With:
>     A.    Involvement of one major peripheral weight-bearing joint (i.e., hip, knee, or ankle), resulting in inability to ambulate effectively, as defined in 1.00B2b; . . . .

20 C.F.R. pt. 404, subpt. P., app. 1, § 1.02.

1.02A because the ALJ's determination that Plaintiff was precluded from walking on uneven surfaces means that Plaintiff has an "inability to ambulate effectively," as defined in Listing 1.00B2b. <u>Id.</u> at 8-10.[2] The Court will address each issue in turn.

---

[2] Listing 1.00B2b defines the ability to ambulate effectively as:

(1) Definition. Inability to ambulate effectively means an extreme limitation of the ability to walk; i.e., an impairment(s) that interferes very seriously with the individual's ability to independently initiate, sustain, or complete activities. Ineffective ambulation is defined generally as having insufficient lower extremity functioning (see 1.00J) to permit independent ambulation without the use of a hand-held assistive device(s) that limits the functioning of both upper extremities.

...

(2) To ambulate effectively, individuals must be capable of sustaining a reasonable walking pace over a sufficient distance to be able to carry out activities of daily living. They must have the ability to travel without companion assistance to and from a place of employment or school. Therefore, examples of ineffective ambulation include, but are not limited to, the inability to walk without the use of a walker, two crutches or two canes, the inability to walk a block at a reasonable pace on rough or uneven surfaces, the inability to use standard public transportation, the inability to carry out routine ambulatory activities, such as shopping and banking, and the inability to climb a few steps at a reasonable pace with the use of a single hand rail. The ability to walk independently about one's home without the use of assistive devices does not, in and of itself, constitute effective ambulation.

20 C.F.R. pt. 404, subpt. P., app. 1, § 1.00B2b.

At step three of the sequential evaluation process, an ALJ considers whether an applicant has an impairment or combination of impairments that meet or medically equal an impairment included in the federal regulations' listing of disabling impairments. If the claimant's impairment matches or is "equal" to one of the listed impairments, he qualifies for benefits without further inquiry. 20 C.F.R. § 416.920(d); Sullivan v. Zebley, 493 U.S. 521, 525 (1990). The claimant bears the burden of proving that he has an impairment that meets or equals the criteria of a listed impairment. Burch v. Barnhart, 400 F.3d 676, 683 (9th Cir. 2005) ("An ALJ is not required to discuss the combined effects of a claimant's impairments or compare them to any listing in an equivalency determination, unless the claimant presents evidence in an effort to establish equivalence."); Zebley, 493 U.S. at 530 ("For a claimant to show that his impairment matches a Listing, it must meet all of the specified medical criteria. An impairment that manifests only some of those criteria, no matter how severely, does not qualify.").

The Court finds that Plaintiff has failed to demonstrate that he meets or equals the required elements of Listing 1.02A. Plaintiff makes the conclusory statement that his bilateral knee osteoarthritis meets the disability listing and occasionally cites to his medical records without establishing how these medical reports demonstrate that he has met the requirements of Listing 1.02A. See Plaintiff's Memorandum at 5-7. The medical records to which Plaintiff refers only provide diagnoses and results; they do not state any limitations. The mere diagnosis of a listed impairment is not sufficient to sustain a finding of disability. 20 C.F.R. § 404.1525(d); Key v. Heckler, 754 F.2d 1545, 1549 (9th Cir. 1985). Indeed, "[i]t is not enough for an applicant to show he has a severe impairment that is one of the listed impairments to find him per se disabled." Young v. Sullivan, 911 F.2d 180, 181 (9th Cir. 1990). Nor does Plaintiff point to any medical evidence in the record to show that his

bilateral knee osteoarthritis is "characterized by gross anatomical deformity," such as "subluxation, contracture, bony or fibrous ankylosis, [or] instability."

Plaintiff has not demonstrated that his bilateral knee osteoarthritis causes an inability to ambulate effectively. The ALJ specifically rejected Plaintiff's argument that his knee osteoarthritis and use of a wheelchair mandated a finding of disability under Listing 1.02A. AR 17. The ALJ reviewed Plaintiff's medical history in detail and found that there was no medical evidence to establish that Plaintiff's knee osteoarthritis was sufficiently serious to require the use of a wheelchair or any other assistive device. AR 17, 19. As noted by the ALJ, AR 17-18, Plaintiff's treatment notes reflect that his bilateral knee osteoarthritis was relatively minor. A March 4, 2010 urgent care visit reflects "full strength and no decreased range of motion affecting the left knee despite [Plaintiff's] confinement to a wheelchair." AR 224. A March 6, 2010 emergency room record reflects that Plaintiff "had only mild bilateral knee edema and crepitus with no evidence of instability." AR 335. An April 16, 2010 visit note "also reflects no abnormal musculoskeletal findings on physical examination despite bilateral knee complaints." AR 223. Finally, the consultative examining physician, Dr. John Sedgh, M.D., reported no evidence of abnormal musculoskeletal or neurological findings that would require use of a wheelchair. AR 237 (finding that Plaintiff would require a cane for long distances).

Furthermore, despite Plaintiff's claims of debilitating knee pain requiring the use of a wheelchair, Plaintiff has had conservative medical treatment. Plaintiff testified at the administrative hearing that no MRI testing had ever been performed on his knees. AR 53. Plaintiff's counsel acknowledged that the only x-rays in the medical record were of the left knee and were taken at the consultative examiner's request. Id. Those x-rays showed only mild to moderate left knee arthritis. AR 240. The ALJ noted that Plaintiff refused to

undergo weight bearing knee films to further assess his condition due to his alleged inability to stand. AR 18 (citing AR 222). There is no evidence in the record that Plaintiff's treating physicians ever suggested aggressive treatment, such as surgery or specialized pain management. Rather, Plaintiff's physicians recommended that he exercise and attend physical therapy. AR 222. However, there is no evidence in the record that Plaintiff followed through with this referral. A claimant's decision not to pursue available treatment is a factor that can be relied upon in assessing the claimant's credibility. See Fair v. Bowen, 885 F.2d 597, 604 (9th Cir. 1989) (finding that the claimant's allegations of persistent, severe pain and discomfort were belied by "minimal conservative treatment" and failure to follow doctor's advice); see also Tommasetti v. Astrue, 533 F.3d 1035, 1039 (9th Cir. 2008) (noting that an ALJ may properly rely on an "unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment" when assessing credibility). Thus, Plaintiff's claim that his knee osteoarthritis was sufficiently severe to require the use of a wheelchair is undermined by the record of conservative treatment and his failure to follow through with suggested treatment.

In support of his contention that he meets the "inability to ambulate effectively" prong of Listing 1.02A, Plaintiff cites a June 16, 2010 orthopedic clinic note which mentions a "power wheelchair." Plaintiff's Memorandum at 6 (citing AR 348). However, as noted by the Commissioner, there is no indication in this treatment note, or in any other medical record, that Plaintiff was actually prescribed the use of a wheelchair by a treating physician.

Plaintiff argues alternatively that he meets or equals Listing 1.02A's requirement of an "inability to ambulate effectively" because the ALJ determined that Plaintiff's RFC precluded him from walking on uneven surfaces. Plaintiff's Memorandum at 8-10. However, the ALJ's prophylactic prohibition against walking on uneven surfaces in and of itself does not equate

to an inability to ambulate effectively, nor is it sufficient to establish that Plaintiff's impairment meets Listing 1.02A. See, e.g., Moreno v. Astrue, 444 F. App'x 163, 164 (9th Cir. 2011) (concluding that ALJ's RFC determination that limited claimant to walking on even terrain did not establish inability to ambulate effectively under the listings); Wilson v. Colvin, No. 12-00483, 2013 WL 6229369, *7 (D. Idaho Dec. 2, 2013) ("The reference to avoiding walking on uneven surfaces does not, standing alone, compel a finding of inability to ambulate effectively or finding Listing 1.02 or 1.03 equivalence."); Roybal v. Colvin, No. 12-02198, 2013 WL 4768033, *9 (C.D. Cal. Sept. 4, 2013); Hernandez v. Colvin, No. 12-0773, 2013 WL 1401368, *4 (C.D. Cal. Apr. 4, 2013) (concluding that ALJ's RFC determination that plaintiff cannot walk on uneven terrain "by itself does not establish an inability to ambulate effectively for purposes of the listings").

When considering the record as a whole, it is clear that Plaintiff has not met his burden of demonstrating that his impairments met or equaled the criteria of Listing 1.02A. The ALJ correctly found, at step three of the sequential analysis, that Plaintiff's impairments do not meet or equal one of the listed impairments. Accordingly, Plaintiff is not entitled to reversal of the ALJ's decision.

## V.
## CONCLUSION

For the reasons stated above, the decision of the Social Security Commissioner is AFFIRMED and the matter is DISMISSED with prejudice.

Dated: March 24, 2014

DOUGLAS F. McCORMICK
United States Magistrate Judge